### OHIO FARMERS' INS. CO. v. G. W. BLACK.

TRUST DEED WILL DEFEAT INSURANCE POLICY STIPULATING AGAINST CHANGE OF TITLE.

The execution of a trust deed of realty for the purpose of paying off certain mortgage incumbrances, with the understanding that the residue was to be returned, is a sufficient alienation to avoid a policy of insurance on such property which had, as one of its stipulations, a provision that "This policy shall become void if any change * * * take place in the title to, interest in, occupancy or possession of the subject of insurance or the interest of the insured therein or any part thereof, whether by legal process or judgment or voluntary act of the insured, and the company shall not be liable on the policy."

ERROR to Fairfield common pleas court.

**Lee Elliott** and **William Davidson,** for plaintiff in error.

**J. S. Sites,** for defendant in error.

**DONAHUE, J.**

The defendant in error recovered a judgment in the court below against the plaintiff in error on a policy of insurance, one of the provisions of which policy is:

"This policy shall become void if any change other than death of insured take place in the title to, interest in, occupancy or possession of the subject of insurance or the interest of the insured therein or any part thereof, whether by legal process or judgment or voluntary act of the insured, and the company shall not be liable upon the policy."

On the part of the company it is claimed that the plaintiff below parted with the title to this land by an absolute conveyance which is offered in evidence. In answer to that contention the plaintiff says that this was merely a trust deed for the purpose of paying off certain mortgage incumbrances, the residue to be returned to Black after the property was sold and debts paid.

The question arises whether this conveyance is a violation of the terms of the policy or not. We think it is. The terms of this policy do not provide only that a sale of the property would render it void. If that were true, we should find there was no sale of the property and that the transfer of the property did not affect the title of the owner to the beneficial interest in the property. There is no sale under the authorities as we find it, but there is a change of title.

Insurance Co. v. Black.

In May, Insurance Sec. 289, it is said that if the deed upon its face contains the provisions that are here attempted to be grafted upon it by parol evidence, it would nevertheless be a change of title. But we do not place our opinion upon that authority, but upon the case of *Blackwell* v. *Insurance Co.* 48 Ohio St. 533, 539 [29 N. E. Rep. 278; 14 L. R. A. 531; 29 Am. St. Rep. 574].

In that case a man owned a stock of goods upon which he took out a policy of insurance, which provided against a sale of his interest therein. Later he sold an undivided half interest to a partner.

The court held that Blackwell could recover against the insurance company, though the policy there considered had in it the condition against the sale or transfer of the property because the entire interest was not transferred. But the Supreme Court does here announce the law to be that a change of title, no matter whether it conveys all beneficial interest or not is within the provisions of this policy. We think there is · some difference between this case and *Ohio Farmers' Ins. Co.* v. *Waters*, 65 Ohio St. 157 [61 N. E. Rep. 711], but *Ohio Farmers' Ins. Co.* v. *Waters, supra,* is very strong authority showing the extent to which the Supreme Court has gone in giving effect to those contracts and conditions avoiding the policy. The Supreme Court holds that where a debtor transfers his property to a trustee or assignee for the payment of his debts, he violates the conditions of the policy and it becomes void. True in that case he parts with the control over the property and has only the residue thereof, yet in this case after parting with the title for the purpose of the payment of the debt the agreement of the trustee to take it and pay the debt can be enforced by the creditor. The owner of the property could not come into court and compel the reconveyance of this trust estate unless he first paid the debt. The only thing he would have left in this property would be the residue remaining in money. The title in law is irretrievably and absolutely gone and as said in *Ohio Farmers' Ins. Co.* v. *Waters, supra,* all that remains to him is that portion of the fund arising from the sale of it not exhausted in the payment of the debts.

The judgment of the court below will be reversed with costs and the case remanded.

**Voorhees** and **McCarty, JJ.,** concur.